## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KRISTIAN PATTERSON, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>AMERICREDIT FINANCIAL SERVICES, )<br>INC. )<br> )<br> Defendant. ) | Cause No. 1:21-cv-672 |

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, Kristian Patterson, by counsel, and for her Complaint against the Defendant, AmeriCredit Financial Services, Inc., states and alleges as follows:

### PARTIES

1. Plaintiff, Kristian Patterson, is an individual who resides in Hamilton County, Indiana.

2. Upon information and belief, Defendant AmeriCredit Financial Services, Inc. ("AmeriCredit") is a corporation domiciled in Delaware with its principal place of business in Texas.

### JURISDICTION AND VENUE

3. Plaintiff incorporates paragraphs 1-2 of this Complaint by this reference.

4. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This is a civil action arising under federal law, specifically the Equal Credit Opportunity Act (codified at 15 U.S.C. § 1691) ("ECOA").

5. In addition, the amount in controversy of the herein claims exceed seventy-five thousand dollars ($75,000.00), and the parties are domiciled in different states.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to these claims occurred in the Southern District of Indiana, as Ms. Patterson's credit application was denied in Carmel, Indiana.

## FACTS PERTINENT TO ALL CLAIMS

7. On or about July 14, 2020, Ms. Patterson submitted a credit application in connection with an automobile purchase from Napleton Kia of Carmel, Indiana ("the Dealership").

8. Ms. Patterson believed that her credit application was successful, as there is no reason known to her that her application should be denied.

9. Her credit score at the time of the application was approximately 620.

10. Ms. Patterson was advised that her credit application was approved, and she was allowed to purchase the automobile.

11. Approximately thirty days later, on or about August 19, 2020, Ms. Patterson received a call from the Dealership. The Dealership asked her to come in to "sign paperwork" on that date. Once she arrived, the Dealership accused her of alleged fraudulent conduct, claiming that she was "unable" to make her current salary and that she submitted "fake" pay stubs.

12. Through physical intimidation, Ms. Patterson was forced to relinquish the vehicle she had rightfully purchased.

13. Following the conversion of her vehicle by the Dealership, Ms. Patterson contacted law enforcement and to report the Dealership's unlawful taking of her vehicle.

14. Ms. Patterson then contacted AmeriCredit and was advised by AmeriCredit that AmeriCredit did *not* deny Ms. Patterson's credit application.

15. Following AmeriCredit's admission that AmeriCredit did *not* deny her credit application, AmeriCredit contacted Ms. Patterson to advise her that credit application *was* allegedly denied.

16. In a further follow-up phone conversation with Ms. Patterson, a representative from AmeriCredit stated that they did not have any record of a credit application from Ms. Patterson, despite AmeriCredit previously admitting that they had received and approved Ms. Patterson's credit application.

17. On September 21, 2020, Ms. Patterson issued correspondence to AmeriCredit requesting any and all documents relating to her credit application, which documents she is entitled to receive and AmeriCredit is required to produce pursuant to the ECOA.

18. Following her September 21, 2020, correspondence, Ms. Patterson contacted AmeriCredit by phone and verbally requested that AmeriCredit provide copies of any and all documents relating to her credit application; in response, AmeriCredit advised Ms. Patterson that AmeriCredit was refusing to comply with her request and would only produce said documents upon receiving a lawful subpoena.

19. On November 18, 2020, Ms. Patterson issued correspondence renewing her request to AmeriCredit to produce documents relating to her credit application, which she is entitled to receive pursuant to the ECOA.

20. To date, AmeriCredit has failed to respond to Ms. Patterson's multiple requests for documents relating to her credit application, and has otherwise continued to refuse to comply with Ms. Patterson's ECOA requests.

## FIRST CLAIM FOR RELIEF: VIOLATION OF 15 U.S.C. § 1691(d)

21. COMES NOW, Plaintiff Kristian Patterson, by Counsel, and for her First Claim for Relief Pursuant to 15 U.S.C. § 1691(d), states as follows:

22. Plaintiff incorporates paragraphs 1-21 of this Complaint by this reference.

23. Pursuant to 15 U.S.C. § 1691(d)(1), "[w]ithin thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1).

24. Pursuant to 15 U.S.C. § 1691(d)(2), "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by: (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request." 15 U.S.C. § 1691(d)(1).

25. An "adverse action" is defined under the ECOA as a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. 15 U.S.C. § 1691(d)(6).

26. Ms. Patterson never received any communication from AmeriCredit advising her as to why an adverse action was taken against her.

4

27. Further, when Ms. Patterson requested documents to which she was statutorily entitled, AmeriCredit refused to comply with the ECOA by refusing to produce said documents and by advising Ms. Patterson that AmeriCredit would not produce the requested information absent a subpoena.

28. AmeriCredit is therefore liable for willful and intentional violation of the ECOA.

29. As a direct and proximate result of AmeriCredit's refusal to comply with the ECOA, Ms. Patterson has incurred damages, including but not limited to incurring legal expenses and being forced to initiate costly litigation in order to have the ability to issue a subpoena for documents to which Ms. Patterson is legally entitled.

30. Accordingly, AmeriCredi is liable to Ms. Patterson for actual damages, punitive damages, equitable relief, and recovery of costs and attorney fees.  15 U.S.C. §§ 1691(e).

WHEREFORE, Plaintiff, Kristian Patterson, prays and requests that the Court award a judgment sufficient to compensate the Plaintiff for actual damages, punitive damages, equitable relief, and recovery of costs and attorney fees, and for all other relief as is just and proper in the premises.

Respectfully Submitted,

WEBSTER & GARINO, LLC

*/s/ Jacob C. Salathe*
Jacob C. Salathe, Atty No. 35678-55
Carla V. Garino, Atty No. 20895-49
Attorneys for Plaintiff

115 N. Union Street
Westfield, IN 46074
Telephone: (317) 565-1818
Email: jsalathe@websterlegal.com

## SECOND CLAIM FOR RELIEF:
## <u>DISCRIMINATION PURSUANT TO 15 U.S.C. § 1691(a)</u>

31. COMES NOW, Plaintiff Kristian Patterson, by Counsel, and for her Second Claim for Relief Pursuant to 15 U.S.C. § 1691(d), states as follows:

32. Ms. Patterson incorporates paragraphs 1-31of this Complaint by this reference.

33. Pursuant to 15 U.S.C. § 1691(a), "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)."  15 U.S.C. § 1691(a).

34. Upon information and belief, there is no valid basis for AmeriCredit's denial of Ms. Patterson's credit application.

35. Upon information and belief, Ms. Patterson is being discriminated against due to her race (African American) and/or sex (female).

36. As a direct and proximate result of AmeriCredit's discrimination in violation of the ECOA, Ms. Patterson has incurred damages, including but not limited to incurring legal expenses and being forced to initiate costly litigation in order to have the ability to issue a subpoena for documents to which Ms. Patterson is legally entitled.

Accordingly, AmeriCredit is liable to Ms. Patterson for actual damages, punitive damages, equitable relief, and recovery of costs and attorney fees.  15 U.S.C. § 1691(e).

WHEREFORE, Plaintiff, Kristian Patterson, prays and requests that the Court award a judgment sufficient to compensate the Plaintiff for actual damages, punitive damages, equitable relief, and recovery of costs and attorney fees, and for all other relief as is just and proper in the premises.

Respectfully Submitted,

WEBSTER & GARINO, LLC

*/s/ Jacob C. Salathe*
Jacob C. Salathe, Atty No. 35678-55
Carla V. Garino, Atty No. 20895-49
Attorneys for Plaintiff

115 N. Union Street
Westfield, IN 46074
Telephone: (317) 565-1818
Email: jsalathe@websterlegal.com

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Kristian Patterson, by counsel, respectfully request trial by jury in this matter.

Respectfully Submitted,

WEBSTER & GARINO, LLC

*/s/ Jacob C. Salathe*
Jacob C. Salathe, Atty No. 35678-55
Carla V. Garino, Atty No. 20895-49
Attorneys for Plaintiff

115 N. Union Street
Westfield, IN 46074
Telephone: (317) 565-1818
Email: jsalathe@websterlegal.com